# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022

(212) 223-0400

FAX: (212) 753-0396

www.zeklaw.com

DIRECT DIAL
(212) 826-5358
tdavis@zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

October 8, 2010

**BY ECF**

Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

### Telford v. Bank of America et al.
### Case No. 10-1794 (CBA) (RER)
### (Letter Request for Permission to Move to Dismiss the Amended Complaint)

Dear Judge Amon:

   We represent defendants Bank of America, N.A. s/h/a Bank of America and Countrywide Bank, N.A., sued herein as Countrywide Bank (collectively "BANA") in the referenced action. We write to respectfully request a pre-motion conference to seek the Court's permission to file a motion to dismiss Plaintiff Collin Telford's ("Plaintiff") Amended Complaint in its entirety.

   Pursuant to the Court's Individual Rule 3.A, this letter is BANA's response to the Complaint, which Plaintiff and BANA agreed, in a 'So Ordered' Stipulation dated September 15, 2010, would be served on or before October 8, 2010.

   This is BANA's second request for permission to file a motion to dismiss the complaint in this matter. Plaintiff asserts thirteen (13) various claims alleging, among other things, violations of RESPA, TILA, FCRA and fraud based upon mortgage payments that were allegedly misreported to the three major credit reporting agencies, co-defendants Trans Union, LLC, Experian Information Solutions, Inc. and Equifax Information Services, LLC (collectively "CRAs").

   On August 4, 2010, BANA joined co-defendants in their request for a pre-motion conference and for permission to file a motion to dismiss because the original complaint was completely devoid of any facts, contained wholly conclusory allegations and failed to specify which claim was against which defendant. At a court appearance held on August 10, 2010, before the Court, Your Honor recited the defects in the complaint before directing Plaintiff to serve an amended complaint.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Carol B. Amon
October 8, 2010
Page 2

Now, although the amended complaint dated August 31, 2010 (the "Amended Complaint") designates which claims are against which defendants, it still contains conclusory allegations against BANA, which fail to state a cognizable claim as a matter of law. Plaintiff still relies on labels of common law claims, legal conclusions and text from countless statutory provisions under FCRA, RESPA and TILA, without alleging a factual basis for relief. This is exactly the kind of pleading that the United States Supreme Court found fails to meet the pleading requirements of Fed.R.Civ.P. Rule 8. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L. Ed2d 868 (2008) (court not bound to accept as true "a legal conclusion couched as a factual allegation"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, BANA seeks permission to file a motion to dismiss the Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, given the breadth and severity of defects found throughout the Amended Complaint, and the unsubstantiated impact these defects will have on the scope of discovery, BANA also seeks a stay of discovery pending a decision on the motion. See Ashcroft v. Iqbal, supra 129 S.Ct. at 1950 (finding that a plaintiff armed with nothing more than conclusions does not "unlock the doors to discovery[.]").

By way of example, every count of the Amended Complaint suffers one material defect after another. For instance, the First Count of the Amended Complaint states that BANA violated RESPA by purportedly "[f]ailing to meet the requirements of 12 U.S.C. Section 2605 regarding transfer of servicing and responding to qualified written requests" and by "failing to meet the requirements of 12 U.S.C. Section 2609 regarding escrow account statements, collection or escrow and notification of escrow account." See Amended Compl. ¶ 33. BANA allegedly failed to correct Plaintiff's account, misreported late payment to the CRAs and "refused to cease its collection efforts," in violation of 12 U.S.C. Section 2605(e)(4)(i). Id. However, there is no subsection (e)(4)(i) under Section 2605 and it is well-established Section 2609, which covers "Limitations on Requirements of Advance Deposits In Escrow Accounts," does not confer a private right of action for violation of its provisions. McAnaney v. Astoria Financial Corp., 357 F.Supp.2d 578, reconsideration denied, 233 F.R.D. 285 (E.D.N.Y.2005).

Moreover, Plaintiff's bare allegations that BANA violated RESPA's provisions regulating transfers of servicing obligations and responding to QWRs are glaringly insufficient since the Amended Complaint does not state that Plaintiff's loan was ever transferred, or how or when an alleged violation occurred. Nor does it state how or when BANA ever failed to respond to and/or investigate a QWR which Plaintiff allegedly sent.

The Second and Third Counts are equally defective. The Fair Credit Billing Act (Second Count) only applies to open-end financing and does not apply to billing errors involving close end mortgage loans such as Plaintiff's. Thus, Plaintiff has no legal basis to maintain this claim. See American Express Co. v. Koesner, 452 U.S. 233, 101 S.Ct. 2281 (1981) (provisions of Fair Credit Billing Act "do not apply to credit other than open end[."]; See also Wilkinson v. Wells Fargo Bank MN, 2007 WL 1414888 (E.D. Wis.2007).

Further, the Third Count citing TILA must be dismissed because the claim is time barred by the applicable one-year statute of limitations. The one-year limitations period runs from the date when the transaction was consummated. Plaintiff's closing happened on January 11, 2006,

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Carol B. Amon
October 8, 2010
Page 3

he had until January 11, 2007 to timely bring this claim, and because Plaintiff did not bring this action until on or about April 22, 2010, this claim is clearly time-barred.

The Seventh Count for violation of FCRA, 15 U.S.C. § 1681s-2(b) fails to state a claim as a matter of law because admittedly Plaintiff's complaint is based on the reporting of inaccurate information, and was not triggered by BANA, as a furnisher of information, which received notice from a CRA. See Amended Compl. ¶ 20. Plaintiff admittedly notified BANA directly. Id. ¶¶ 20 and 21. As such, Plaintiff has no right of action against BANA, in the absence of notice from a CRA. See Kane v. Guaranty Residential Lending, Inc., 2005 WL 1153623 * 5 (E.D.N.Y. 2005).

As for Plaintiff's state law claims, Count Four (breach of contract), Count Five (violation of GBL § 349), Count Six (negligent training and supervision), Count Twelve (defamation) and Count Thirteen (emotional distress) are all pre-empted by FCRA, under 15 U.S.C. § 1681t(b)(1)(F) and § 1681h(e) to the extent that they are predicated on BANA allegedly providing inaccurate information. See Kane v. Guaranty, supra at *8 (once furnisher receives notice of inaccuracies, even from consumer, any claim for the conduct occurring after receiving notice of dispute is completely preempted by § 1681t(b)(1)(F)). Given that Plaintiff admits that he immediately gave BANA notice of the alleged inaccuracies before the acts about which he complains occurred and malice has not been alleged, Plaintiff's state law claims are all preempted under § 1681t(b)(1)(F).[1] See Amended Compl. ¶¶ 19-21, Id. at * 9.

Because of the factual and legal insufficiency of Plaintiff's claims, Plaintiff cannot establish that the Amended Complaint "contains sufficient factual matter . . . to state a claim…that is plausible on its face upon which relief can be granted." See Twombly supra.

Based upon the reasoning set forth herein, BANA respectfully requests a pre-motion conference to seek permission to move to dismiss the Amended Complaint.

Respectfully,

Tracee E. Davis

TED:bs

---

[1] To the extent that the state law claims are not predicated on the reporting of inaccurate information, Plaintiff's claims are completely devoid of any factual support. For instance, Plaintiff's claim that BANA "imposed or collected amounts" and "improper fees" that were not due, in breach of contract and violation of GBL 349. See Amended Compl. ¶¶ 47-51 and 57 -59. However, nowhere in the Amended Complaint does Plaintiff allege which contract was allegedly breached or facts which state with the specificity required under 9(b) of the Fed. R. Civ. P., what fees or charges, if any, were actually improperly imposed on Plaintiff. See Amended Compl. ¶ 20. Rather, Plaintiff attaches to the Amended Complaint postings from the Internet about unrelated matters which have absolutely no connection to Plaintiff's mortgage or his claims. See Amended Compl. Exh. 1.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Carol B. Amon
October 8, 2010
Page 4


cc:     Osita Okocha, Esq. (by ECF)
        Timothy P. Creech, Esq. (by ECF)
        George E. Spencer, Esq. (by ECF)
        Richard T. Marooney, Esq. (by ECF)

#595334v5/TD/2978.209